IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.

DIANA TAMEZ,

    Plaintiff,

vs.

HILTON WORLDWIDE, INC.,
a foreign profit corporation,

    Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, DIANA TAMEZ ("Plaintiff"), by and through their undersigned counsel, and sues the Defendant, HILTON WORLDWIDE, INC., a foreign profit corporation ("Defendant"), and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceed $15,000.00, exclusive of interest, costs and attorney's fees.

2. Plaintiff, DIANA TAMEZ, is, and at all times material hereto was, a Texas resident and citizen living in Bexar County, Texas.

3. Defendant, HILTON WORLDWIDE, INC., a foreign profit corporation, is, and at all times material hereto was, a foreign profit corporation, with its principal place of business in Mclean, Virginia, and the owner of the hotel located at: 14100 Bonnet Creek Resort Ln, Orlando, FL 32821 (hereinafter referred to as the "Property"), where the events relevant to this cause of action took place.

4. Venue is proper in Orange County, Florida, because it is where this cause of action accrued.

5. At all times material hereto, the Defendant was the owner and operator of hotel that is open to the public for business and that invitees such as Plaintiff, are patrons of.

6. That on or about January 1, 2015, the Plaintiff returned to her guestroom after spending the day at the Disney parks.

7. That upon entering the Defendant's guestroom's restroom, the Plaintiff slipped on a slick substance in the restroom that was left behind on the floor by the hotel's housekeeping and which was therefore a latent danger that constituted a hidden trap.

8. That at the above time and date, Defendant was responsible for the maintenance and/or design of the areas of the premise.

9. That the Defendant had a duty to maintain the area in a reasonably safe manner and to take necessary precautions to avoid injuries to its invitees in the guestrooms it provides, such as the Plaintiff.

10. That the Defendant had a duty to warn its invitees, such as the Plaintiff, of its latent danger in its guestroom which it was aware or should have been aware of and which was not known or reasonably discoverable to the Plaintiff.

11. That the Plaintiff was an invitee who could reasonably have been expected to use the premises and was utilizing it in a manner in which it was expected to be used.

## COUNT I – NEGLIGENCE

12. Plaintiff re-alleges and re-avers each and every allegation contained in Paragraphs 1 through 11, as if more fully set forth herein.

13. On or about January 1, 2015, the Plaintiff was an invitee on Defendant's premises.

14. Plaintiff was directed and permitted to utilize the Defendant's guestrooms inside its hotel located in the city of Orlando, in Orange County, State of Florida.

15. Defendant, an owner and operator of a hotel, had a duty to use reasonable care to maintain and inspect its guestrooms in a reasonably safe condition and warn its invitees, such as the Plaintiff, of latent dangers in its guestrooms.

16. Defendant breached its duty of care to the invitee/Plaintiff in that the Defendant failed to maintain and inspect its premises in a reasonably safe condition, and failed to eliminate the dangerous condition of which it knew or should have known existed, to wit: the slick substance on its guestroom floor in the area that caused Plaintiff to slip and fall.

17. Defendant breached its duty of care to the invitee/Plaintiff in that Defendant failed to warn the Plaintiff or protect the Plaintiff from that area from this latent danger in its guestroom which it was aware or should have been aware of and which was not known or reasonably discoverable to the Plaintiff.

18. Defendant's failure to eliminate the dangerous condition or maintain it in a safe condition, and Defendant's failure to warn the Plaintiff of the existence of the slick substance on its guestroom floor was a direct and proximate cause of the Plaintiff's fall and resulting injuries.

19. Since the Plaintiff utilized the Defendant's guestroom provided to her in a manner in which it was expected to be used and since the Defendant retained sole control over its housekeeping operation, the risk of harm or injury and damage to the Plaintiff was reasonably foreseeable.

20. Plaintiff had no knowledge of the dangerous condition, namely, the slick substance on the Defendant's guestroom floor, and could not have reasonably been expected to discover it.

21. As a direct and proximate result of the occurrence described above, Plaintiff suffered a permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment and loss of earning capacity in the future. Plaintiff's losses are either permanent or continuing and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, DIANA TAMEZ, respectfully demands judgment against Defendant, HILTON WORLDWIDE, INC., a foreign profit corporation, for compensatory damages that will adequately compensate Plaintiff for the injuries she has suffered, prejudgment interest, taxable costs and such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

/s/ Peter F. Carr, Jr., Esq.
PETER F. CARR, JR., ESQ.
Florida Bar No.: 0046078
MITZI SOMMER CARR, ESQ.
Florida Bar No. 27568
CARR LAW FIRM, P.A.
203 E. Livingston Street
Orlando, Florida 32801
Telephone: (407) 426-9300
Facsimile: (407) 426-9304
Primary Email: pcarr@carrlawpa.com
Secondary Email: mcarr@carrlawpa.com;
reception@carrlawpa.com
Attorneys for Plaintiff